## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY T. ROBINSON, SR.; VALERIE J. ROBINSON; and DARRISS L. TINSON, *on behalf of themselves and others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> POTTSTOWN AREA RAPID TRANSIT, INC.; C M D SERVICES, INC.; and D & D COLLISION SERVICE, INC., <br><br> Defendants. | C.A. No:_____ <br><br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiffs, Anthony T. Robinson, Sr.; Valerie J. Robinson and Dariss L. Tinson, by and through their undersigned attorneys, file the within Complaint WITH JURY DEMAND against Defendants, Pottstown Area Rapid Transit, Inc. ("PART"); C M D Services, Inc. ("CMD"); and D & D Collision Service, Inc. ("D&D"), for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA") and the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 *et seq.* (the "PMWA"). Plaintiffs' FLSA claims are pled as a collective action pursuant to 29 U.S.C. §216(b); and the PMWA claims are pled as a class action pursuant to Fed.R.Civ.P. 23.

## I.     INTRODUCTION

1. As set forth herein, Plaintiffs all worked for PART as transit drivers. They also drove school busses for CMD. They performed other tasks, such as maintenance, for D&D. They regularly worked more than 40 hours per week combined for these three entities. Defendants are joint employers, with coordinated management, hiring, firing, office location, payroll and work schedules. None of the employees is exempt from the overtime requirements of the FLSA or PMWA. Therefore, Defendants are required to pay overtime to Plaintiffs and an estimated 30-40 other joint employees. Relief under a class/collective action is appropriate.

## II.     PARTIES, JURISDICTION & VENUE

2. Plaintiff, Anthony T. Robinson, Sr., is an adult individual domiciled at 1507 Kauffman Rd., Pottstown, Montgomery County, Pennsylvania.

3. Plaintiff, Valerie J. Robinson is an adult individual domiciled at 1507 Kauffman Rd., Pottstown, Montgomery County, Pennsylvania.

4. Plaintiff Darriss L. Tinson is an adult individual domiciled at 424 West St., Pottstown, Montgomery County, Pennsylvania.

5. Defendant PART is a Pennsylvania corporation with its principal place of business at 902 Farmington Ave., Pottstown, Montgomery County, Pennsylvania.

6. Defendant CMD is a Pennsylvania corporation with its principal place of business at 902 Farmington Ave., Pottstown, Montgomery County, Pennsylvania.

7. Defendant D&D is a Pennsylvania corporation with its principal place of business at 902 Farmington Ave., Pottstown, Montgomery County, Pennsylvania.

8. This Court has federal question jurisdiction over the FLSA claims

9. This Court has supplemental jurisdiction over the PMWA claims.

10. Venue is appropriate in this Court because all parties are citizens of, and all transactions and occurrences occurred in, Montgomery County Pennsylvania.

## II.     FACTS

### A.     The Work Performed By Plaintiffs and Putative Collective/Class Members

11. Plaintiff Anthony Robinson was, from 1987 through January 2022, a transit bus driver for PART; a school bus driver for CMD; and a laborer for D&D.

12. Plaintiff Valerie Robinson is, from 2006 through the present, a part-time paratransit driver for PART; a school bus driver for CMD; and a laborer for D&D.

13. Plaintiff Dariss Tinson is, from 2008 through the present, a transit bus driver for PART; a school bus driver for CMD and a laborer for D&D. (Plaintiff Dariss Tinson has been out of work due to a work-related injury on August 2021 on a PART bus.)

14. Full-time drivers like Plaintiffs Anthony Robinson and Dariss Tinson regularly performed 40 hours of work for PART. On several occasions, they drove more than 40 hours for PART, and they were paid overtime for that work. However, they also drive for CMD and regularly work in excess of 40 hours combined and are not paid overtime for time in excess of 40 hours worked.

15. Part-time PART workers like Plaintiff Valerie Robinson are also employed by CMD as school bus drivers. They regularly drive more than 40 hours combined between PART and CMD and are not paid overtime for the combined shifts.

**B.     Defendants Are Joint Employers**

16. PART is not a municipal or state employer. It is a private corporation that employs bus drivers for Pottstown's public transit entity (also known as PART).

17. All three Defendants operate out of the same office address on 902 Farmington Ave., Pottstown, PA 19464 ("Farmington Ave.").

18. PART is owned and operated by the same individuals who own and operate D&D and CMD.

19. The President of all three Defendants is Charles Dickerson.

20. Jennifer Ridgeway, Operations Manager, manages all three Defendants.

21. Brian Clayton assigned drivers to drive for PART and for CMD school busses.

22. These schedules were all coordinated by Jennifer Ridgeway and Brian Clayton

23. Mary Oxenford, now retired, handled the banking for all three companies. Now that she is retired, Jennifer Ridgeway or Denise (lku) handles the banking for all companies.

24. Payroll personnel are interchangeable. By way of example, Denise (lku) has run payrolls for all three Defendants. Denise also gave out assignments when Clayton was absent.

25. Plaintiff Anthony Robinson was terminated from employment. He received a letter stating he was terminated from PART. It was known to him and to Defendants that his termination from PART meant he was also terminated from employment from CMD and D&D. This is further evidence that Defendants are joint employers.

**C.     Facts relating to FLSA Applicability.**

26. PART busses are strictly for local transit in Pottstown and surrounding areas. No PART bus leaves the Commonwealth of Pennsylvania.

27. CMD school busses service schools in the region. No Plaintiff can recall, at any time, taking a CMD operated bus out of the Commonwealth of Pennsylvania for any reason.

28. Plaintiffs and other putative collective/class members were not drivers for D&D; they worked other jobs such as cleaning busses; gassing busses; taking vehicles to/from the shop for repair; and other jobs (for example, watering plants on Defendant's land and for Pottstown municipal properties).

29. D&D did not operate any transit or other trucking operation.

30. If any Plaintiff or any putative collective class member drove outside the Commonwealth of Pennsylvania, such driving was *de minimus*.

31. No Plaintiff or putative collective/class member has their hours tracked for purposes of assuring maximum hours of service for interstate drivers are exceeded.

32. If any Plaintiff or putative collective/class member works more than 40 hours for one Defendant, overtime is paid for that work (but never for work performed for joint employers).

33. Defendants are equitably estopped from asserting any Plaintiff or other putative class/collective action member is exempt from FLSA.

### III.     ALLEGATIONS RELATING TO CLASS/COLLECTIVE ACTION CLAIMS

34. Plaintiffs bring a collective action for FLSA claims, pursuant to 29 U.S.C. §216(b); and a class action for PMWA claims pursuant to Fed.R.Civ.P. 23.

35. Plaintiffs seek to represent a class/collective plaintiffs defined as follows:

    a. All employees of two or more of Defendants PART; D&D and CMD;

    b. Who, for at least one week in the past three years, worked more than 40 hours combined for two or more Defendants; and

    c. Who were not paid overtime for all of those hours worked, combined among the joint employers.

36. All Plaintiffs worked as transit bus drivers for PART and school bus drivers for CMD and, on several occasions over the relevant time, worked more than 40 hours for the joint employers.

37. Plaintiffs are similarly situated with other employees who received paychecks from at least two of Defendants and who worked overtime.

38. Joinder of all Plaintiffs is impracticable.  Based on their firsthand knowledge of Defendants' business practices, Plaintiffs estimate there are at least 30 employees who worked more than 40 hours in several weeks for two or more Defendants combined and were not paid overtime.

39. There are common questions of law and fact.  The issues between named Plaintiffs and putative collective/class members are in common and may be determined by an analysis of all collective/class members' pay records in Defendants' custody and control.

40. Plaintiffs are all typical because their claims all arise out of the same course of conduct and practices, and based on the same legal theory, as all putative collective/class members.

41. Plaintiffs and their counsel are adequate representatives of the collective/class action. All Plaintiffs and their counsel are prepared to prosecute this action vigorously, tenaciously and with adequate financial commitment.

## IV. CAUSES OF ACTION

### COUNT I    FLSA

42. Repeats and realleges paragraphs 1-41 as if set forth at length herein.

43. The FLSA prohibits employers from employing any employee more than 40 hours in a workweek unless the employee is paid "not less than one and one-half times the regular rate at which he is compensated." 29 U.S.C. §207(a)(1).

44. Defendants PART, CMD and D&D are joint employers of all employees who work for more than one Defendant, for the reasons set forth above and incorporated herein by reference.

45. Defendants' failure to pay these employees one and a half times their regular rate when they worked more than 40 combined hours is in violation of the FLSA.

46. No Plaintiff, nor any putative collective/class member, is exempt from the FLSA.

47. Defendants' conduct was knowing, willful, reckless and/or objectively unreasonable.

48. As a direct and proximate result of Defendants' FLSA violations, Plaintiffs and all putative collective action members suffered injury in an amount that may be reasonably calculated from Defendants' own employment records.

WHEREFORE, Plaintiffs, Anthony Robinson; Valerie Robinson; and Dariss Tinson, on behalf of themselves and all similarly situated persons, demand judgment in their favor and against Defendants, PART; CMD; and D&D, for all relief available under the applicable laws, including but not limited to unpaid overtime wages, liquidated damages, attorney's fees, costs of suit, and such relief this Court deems just and proper.

### COUNT II    PMWA

49. Repeats and realleges paragraphs 1-48 as if set forth at length herein.

50. The PMWA provides: "Employes shall be paid for overtime not less than one and one-half times the employe's regular rate…" 43 P.S. §33.104.

51. Defendants PART, CMD and D&D are joint employers of all employees who work for more than one Defendant, for the reasons set forth above and incorporated herein by reference.

52. Defendants' failure to pay these employees one and a half times their regular rate when they worked more than 40 combined hours is in violation of the PMWA.

53. No Plaintiff, nor any putative collective/class member, is exempt from the PMWA.

54. Defendants' conduct was knowing, willful, reckless and/or objectively unreasonable.

55. As a direct and proximate result of Defendants' PMWA violations, Plaintiffs and all putative collective action members suffered injury in an amount that may be reasonably calculated from Defendants' own employment records.

WHEREFORE, Plaintiffs, Anthony Robinson; Valerie Robinson; and Dariss Tinson, on behalf of themselves and all similarly situated persons, demand judgment in their favor and against Defendants, PART; CMD; and D&D, for all relief available under the applicable laws, including but not limited to unpaid overtime wages, liquidated damages, attorney's fees, costs of suit, and such relief this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

CREECH & CREECH LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH
1835 Market St., Suite 2626
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
timothy@creechandcreech.com

DATED:      February 22, 2022